J-A20030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUBEN RICHARD CRAIG, III | : | |
| | : | |
| Appellant | : | No. 20 WDA 2021 |

Appeal from the PCRA Order Entered November 25, 2020
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000597-2016

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: SEPTEMBER 27, 2021**

Appellant, Ruben Richard Craig, III, appeals from the post-conviction court's order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts of Appellant's underlying convictions are not relevant to his present appeal.  We need only summarize that, in August of 2017, Appellant was convicted by a jury of attempted homicide, aggravated assault, and recklessly endangering another person.  Appellant represented himself at trial, with standby counsel.  He also proceeded *pro se* at his sentencing hearing on October 3, 2017.  At the conclusion thereof, Appellant was sentenced to an aggregate term of 20 to 40 years' incarceration.

Appellant filed a *pro se* notice of appeal, which this Court dismissed as untimely.  He thereafter filed a *pro se* "Motion To Appeal *Nunc Pro Tunc*," claiming that his appellate rights should be reinstated because he had timely

delivered his *pro se* notice of appeal to prison authorities for mailing, but a breakdown in the mailing system or the operations of the court had prevented it from being timely docketed. On September 18, 2018, the trial court issued an order denying Appellant's "Motion To Appeal *Nunc Pro Tunc*."

On November 26, 2018, Appellant filed his first, *pro se* PCRA petition (hereinafter, "first petition").[1] Before that petition was disposed of, however, Appellant filed a notice of appeal from the court's September 18, 2018 order denying his "Motion To Appeal *Nunc Pro Tunc*." While that appeal was pending, the court issued an order on February 7, 2019, correctly dismissing Appellant's first petition.[2] He did not file an appeal from that order. On

_____

[1] Although the docket and the PCRA court both indicate that this first petition was filed on November 26, 2018, we cannot locate the petition in the certified record. **See** PCRA Court Order, 11/25/20, at 2 (unnumbered) ("On November 26, 2018, [Appellant] filed his first PCRA [p]etition.").

[2] **See Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa. Super. 2019), *appeal denied,* 218 A.3d 850 (Pa. 2019) (stating that under **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000), a PCRA court "has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal[;]" thus, "[i]f the petitioner pursues the pending appeal, then the PCRA court is required under **Lark** to dismiss any subsequent PCRA petitions filed while that appeal is pending"). We recognize that Appellant's appeal from the order denying his "Motion To Appeal *Nunc Pro Tunc*" was not an appeal from the denial of a PCRA petition, as the claims he raised therein were not cognizable under the PCRA. However, we find this distinction immaterial, as it is clear that an appeal taken from any type of order divests the trial court of jurisdiction. **See** Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."). Thus, the court correctly dismissed Appellant's first petition, as it was filed during the pendency of an appeal to this Court.

January 27, 2020, this Court affirmed the order denying Appellant's "Motion To Appeal *Nunc Pro Tunc*." **See Commonwealth v. Craig**, 226 A.3d 658 (Pa. Super. 2020) (unpublished memorandum).

On November 19, 2020, Appellant filed the *pro se* PCRA petition underlying his present appeal. The court issued an order dismissing the petition on November 25, 2020.[3] Appellant filed a timely, *pro se* notice of appeal.[4] He also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Thereafter, the court held "a **Grazier**[5] hearing … to determine whether [Appellant] would

---

[3] We recognize that the court did not appoint counsel, as this is Appellant's second PCRA petition. **See** PCRA Court Order, 11/25/21, at 1 (unnumbered) ("As this is not [Appellant's] first petition, [he] is not entitled to counsel unless the [c]ourt finds that an evidentiary hearing is necessary or unless the interests of justice require it.") (citing Pa.R.Crim.P. 904(D), (E)). The court also failed to issue a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. However, Appellant does not challenge the court's failure in this regard on appeal and, thus, it is waived. **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver.") (citation omitted).

[4] Appellant's *pro se* notice of appeal was docketed on December 30, 2020, which was beyond the 30-day time-period for appealing from the November 25, 2020 order. On February 3, 2021, this Court issued a rule to show cause why his appeal should not be quashed as untimely. Appellant responded, providing a cash slip from the prison indicating that he had sent his notice of appeal on December 20, 2020. Accordingly, our Court discharged the rule to show cause. Given these circumstances, we consider Appellant's *pro se* appeal as being timely filed under the prisoner mailbox rule. **See Commonwealth v. Cooper**, 710 A.2d 76, 78 (Pa. Super. 1998) (stating that the prisoner mailbox rule means "that, for prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system").

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

proceed in this appeal *pro se*, or whether he required counsel for the appeal." PCRA Court Opinion, 4/30/21, at 2. At the close of that hearing, the court appointed counsel to represent Appellant, and directed counsel to file an amended concise statement on Appellant's behalf. Counsel complied, and the PCRA court filed its Rule 1925(a) opinion on April 30, 2021.

In Appellant's brief to this Court, he raises one issue for our review: "Did the [PCRA] court err in not allowing for a PCRA hearing concerning alleged newly[-]discovered evidence in another proceeding which involved similar individuals to be brought into these proceedings?" Appellant's Brief at 26 (unnumbered).[6]

Preliminarily, we observe that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed

---

[6] We presume that Appellant's mention of 'another proceeding' refers to the litigation of a PCRA petition he filed in a separate case docketed at CP-61-CR-0000480-2016. Appellant's appeal from the PCRA court's denial of that petition is presently before this Court at docket No. 1041 WDA 2020. As Appellant makes no other mention of this separate case, we do not address it further in the instant appeal.

within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, because Appellant did not file a timely direct appeal, his judgment of sentence became final on November 3, 2017, which was 30 days after his sentence was imposed. *See Commonwealth v. Brown*, 943 A.2d 264, 268 (Pa. 2008) ("[I]n circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable,

the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA."); Pa.R.A.P. 903(a) (stating that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). Accordingly, Appellant's petition filed on November 19, 2020, is patently untimely. For this Court to have jurisdiction to review the merits thereof, he must prove he meets an exception to the one-year timeliness requirement.

In his brief to this Court, Appellant states that "the results of an autopsy report, and other matters which were pertinent to this case, were withheld by the prosecution." Appellant's Brief at 29 (unnumbered). He also vaguely claims that he "has presented *prima facie* evidence that governmental officials at the District Attorney's Office did not provide proper discovery of potentially admissible evidence which was favorable to [Appellant], thus constituting a potential violation of constitutional due process rights pursuant to **Brady v. Maryland**, 373 U.S. 83 (1963)." **Id.** at 30 (unnumbered). Appellant asks that we vacate the court's order denying his petition and remand for an evidentiary hearing on these claims. **Id.** at 30-31 (unnumbered).

Appellant's cursory argument does not demonstrate the applicability of any timeliness exception. Notably, Appellant does not specifically identify what exception he is attempting to satisfy. His assertion that the Commonwealth allegedly committed a **Brady** violation could fall within either the governmental-interference exception of section 9545(b)(1)(i), or the

- 6 -

newly-discovered-facts exception of section 9545(b)(1)(ii). ***See Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008). To meet section 9545(b)(1)(i), "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by governmental officials, and the information could not have been obtained earlier with the exercise of due diligence." ***Id.*** Additionally, "[s]ection 9545(b)(1)(ii)'s exception requires the facts upon which the ***Brady*** claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence." ***Id.*** (citing ***Commonwealth v. Lambert***, 884 A.2d 848, 852 (Pa. 2005)).

In this case, Appellant does not explain what 'new facts' he learned from the autopsy report or 'other matters' ostensibly withheld by the Commonwealth. He also does not state when and how he discovered those new facts. Similarly, Appellant does not identify what '*prima facie* evidence' he has produced to show that the Commonwealth withheld other, potentially favorable evidence, or when he discovered this purported ***Brady*** violation. Thus, it is impossible for us to discern if Appellant acted with due diligence in raising any of these claims, or if he met the one-year filing deadline of section 9545(b)(2). Accordingly, Appellant's undeveloped argument does not demonstrate that his petition meets a timeliness exception, and the court did not err in dismissing it without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/27/2021